**Tomas Camacho MEJIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–71506, 05–73932.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 7, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ron A. Kamran, Ron A. Kamran, Attorney at Law, Orange, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Harold M. Sklar, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Tomas Camacho Mejia seeks review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal, and the BIA's order denying his motion to reopen removal proceedings. We dismiss the petition for review in No. 05–71506, and deny the petition for review in No. 05–73932.

We lack jurisdiction to review the agency's discretionary determination that Camacho Mejia failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). Camacho Mejia's contention that the agency deprived him of due process by misapplying the law to the facts of his case does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."); *see also Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (holding that the "misapplication of case law" may not be reviewed).

To the extent Camacho Mejia contends the agency should have terminated or stayed removal proceedings based on an approved I–130 petition, we lack jurisdiction to review the contention because he failed to exhaust his administrative remedies. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (explaining that this

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court lacks jurisdiction to review contentions not raised before the agency).

The BIA did not abuse its discretion by denying Camacho Mejia's motion to reopen, because the BIA considered the evidence he submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

**PETITION FOR REVIEW IN 05-71506 DISMISSED.**

**PETITION FOR REVIEW IN 05-73932 DENIED.**